IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALLEEM ALBERT WALKER BORDEN,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:24-cv-0153-JDW |
| | : | |
| **WELLPATH CARE,** *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

Alleem Albert Walker Borden asserts violations of his rights arising from the disclosure of his personal medical information while he was detailed at George W. Hill Correction Facility. I will grant Mr. Borden *in forma pauperis* status. I will dismiss his claims under HIPAA with prejudice and the rest of his claims without prejudice, and I will give him a chance to file an amended complaint to fix the claims that I am dismissing without prejudice.

**I.    FACTUAL ALLEGATIONS**

On the evening of September 26, 2023,[1] Ms. Curtis and Officer Kromah arrived at Unit 6 at the George W. Hill Correction Facility ("GWHCF"), where Mr. Borden was housed, to distribute pills. Several inmates crowded around Ms. Curtis's laptop, and one

---

[1] In the Complaint, Mr. Borden states that there were two incidents, one on September 26, 2023, and the other on November 9, 2023. But he only seems to describe on incident. I assume from the Complaint that the events that occurred on September 26 repeated themselves on November 9.

inmate pointed out the medications that Mr. Borden was taking for an unnamed illness. The inmates laughed as though his medical conditions were a joke, and Officer Kromah joined in the laughter. Officer Kromah did not instruct the inmates to move away from the screen, and Ms. Curtis did not move her cart away from the inmates or close the laptop screen. Instead, they both allowed the inmates to read the information available about Mr. Borden on the computer. Mr. Borden told the inmates to stop looking at the screen, but they refused and continued to laugh.

Mr. Borden filed suit on January 9, 2024, against Ms. Curtis, Officer Kromah, Wellpath Care, and Delaware County. He alleges that he has suffered emotional distress because other inmates know about his "situation." (ECF No. 2 at § IV.D.) He seeks money damages to compensate him for the negligent disclosure of his personal information and the resulting emotional distress. He also asserts a claim for violations of HIPPA.

## II.   STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of his suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Complaint

contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se*,, I construe his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

### III. DISCUSSION

#### A. *In Forma Pauperis*

Mr. Borden has submitted the required information to demonstrate that he cannot afford to pay the filing fee, so I will grant him leave to proceed *in forma pauperis*. He will still have to pay the filing fee in installments, pursuant to pursuant to 28 U.S.C. § 1915(b).

#### B. **Plausibility Of Claims**

Mr. Borden used the term "negligence" in his Complaint, but he filed using a form complaint that is available to prisoners to file civil rights claims. I therefore understand him to assert constitutional claims based on alleged violations of his civil rights. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the

alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

### 1. HIPAA claims

Mr. Borden asserts a claim for violation of his HIPAA rights. However, there is no federal private right of action under HIPAA. *See Dodd v. Jones,* 623 F.3d 563, 569 (8th Cir. 2010). Mr. Borden also cannot use Section 1983 as a vehicle to assert such a claim. *See Cobb v. PrimeCare Med. Corp.*, No. 18-1516, 2020 WL 13729620, at *6 (M.D. Pa. Jan. 29, 2020), *report and recommendation adopted*, 2020 WL 13730063 (Feb. 24, 2020). I will therefore dismiss the HIPAA claims with prejudice.

### 2. Claims against Ms. Curtis and Officer Kromah

Mr. Borden's claims against Ms. Curtis and officer Kromah arise from the disclosure of his medical information. Prisoners maintain a substantive due process right to privacy in their medical information. *See Doe v. Delie*, 257 F.3d 309, 316 (3d Cir. 2001). However, not all disclosures of medical information violate a prisoner's right to privacy in his medical information. The right "may be curtailed by a policy or regulation that is shown to be 'reasonably related to legitimate penological interests.'" *Id.* at 317 (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

Courts construing prisoner's medical privacy claims have framed the right narrowly and have applied it to situations involving "unusual medical condition[s], which, if disclosed unnecessarily, would likely expose the inmate to ridicule, discrimination, or even potential violence and harm, particularly when word of the condition is likely to spread through "humor or gossip[.]" *Smith v. Hayman*, No. 09-2602, 2012 WL 1079634, at *18 (D.N.J. Mar. 30, 2012) (citing *Powell v. Shriver*, 175 F.3d 107, 112 (2d Cir. 1999)), *aff'd,* 489 F. App'x 544 (3d Cir. 2012)). "Most cases concern revealing an inmate's HIV-positive status or that they are transgender." *Ibrahim v. DeFilippo*, No. 19-5021, 2021 WL 753898, at *7 (D.N.J. Feb. 26, 2021) (citations omitted).

Mr. Borden refers to having an "illness" and to his "situation," but he provides no more detail. Therefore, he has not stated a plausible claim for disclosure of his private medical information. *See Clark v. Kalteski*, No. 22-0081, 2022 WL 1172975, at *1 (E.D. Pa. Apr. 20, 2022). I will therefore dismiss this claim without prejudice and give Mr. Borden an opportunity to file an amended complaint to provide additional detail.

### 3. Claims against Wellpath

A private corporation such as Wellpath may be liable under § 1983 in certain circumstances. A private health company providing services to inmates "cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability." *Natale v. Camden Cnty Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003). Rather, to hold a private health care company like Wellpath liable for a constitutional

violation under § 1983, Mr. Borden must allege the provider had "a relevant . . . policy or custom, and that the policy caused the constitutional violation [he] allege[s]." *Id.* at 583-84 (citing *Bd. of the Cnty. Comm'rs of Bryan Cnty., Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)). For such a claim to be plausible, Mr. Borden "must identify [the] custom or policy and specify what exactly that custom or policy was." *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009).

A plaintiff may also state a basis for liability against an entity like Wellpath by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). In the context of a contract medical provider, the provider's "failure to train or supervise must amount to a policy or custom in disregard of an obvious risk that its employees or agents would commit constitutional violations." *Ponzini v. PrimeCare Med., Inc.*, 269 F. Supp.3d 444, 526 (M.D. Pa. 2017), *aff'd in part, vacated in part on other grounds sub nom. Ponzini v. Monroe Cnty.*, 789 F. App'x 313 (3d Cir. 2019). Only in the narrowest of circumstances can a failure to train or supervise be "said to be so obvious, that failure to do so could properly be characterized as deliberate indifference to constitutional rights even without a pattern of constitutional violations." *Id.* (quoting *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 223 (3d Cir. 2014) (internal citation and quotation marks omitted)).

Mr. Borden does not include any factual allegations about Wellpath in his Complaint. I will therefore dismiss his claims against Wellpath without prejudice. If Mr. Borden seeks to assert claims against Wellpath in an amended complaint, he must identify some direct involvement on Wellpath's part, not just Wellpath's employment of Ms. Curtis or other medical personnel.

### 4. Claims against Delaware County

Local governments can be liable as "persons" under § 1983, but this liability extends only to "their *own* illegal acts." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis in original) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)); *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 665-83 (1978). To state a claim for municipal liability based on the municipality's own conduct, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell* 436 U.S. at 694; *Natale*, 318 F.3d at 583-84. The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan*, 564 F.3d at 658. It is not enough, however, to allege the existence of a policy or custom. "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)). This can be done "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged. *Id.* Allegations that

simply paraphrase the standard for municipal liability, are too vague and generalized to support a claim against the City. *See, e.g.*, *Szerensci v. Shimshock*, No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021).

As with his claim against Wellpath, Mr. Borden does not include any factual allegations in his Complaint about Delaware County. His claim, therefore, is not plausible, and I will dismiss it without prejudice. Mr. Borden may file an amended complaint that addresses these gaps if he has a basis to do so.

### 5. Negligence claims

I have dismissed Mr. Borden's federal claims, so I will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Mr. Borden does not allege the citizenship of the parties, so I also have no basis to conclude that I could exercised diversity jurisdiction under 28 U.S.C. § 1332(a), which requires complete diversity between all plaintiffs and all defendants. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015). I will therefore dismiss the negligence claim for lack of subject matter jurisdiction. If Mr. Borden can plead a valid federal claim or allege diversity of citizenship in an amended complaint, then I will revisit my jurisdiction to hear his negligence claim.

## IV.   CONCLUSION

I will grant Mr. Borden leave to proceed *in forma pauperis*, dismiss his HIPAA claims with prejudice, dismiss his negligence claims without prejudice for lack of subject

matter jurisdiction, and dismiss the remainder of his Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). I will grant Mr. Borden leave to file an amended complaint. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

May 3, 2024