IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEEM ALBERT WALKER BORDEN, : | |
|     Plaintiff, : | |
| : | |
|     v. : | Case No. 2:24-cv-0153-JDW |
| : | |
| WELLPATH CARE, *et al.*, : | |
|     Defendants. : | |

**MEMORANDUM**

Alleem Albert Walker Borden claims that Tanika Curtis, Correctional Officer A. Kromah, the George W. Hill Correctional Facility ("GWHCF"), and Wellpath Care LLC violated his rights by making his private health information available to other inmates at GWHCF. I have screened his complaint and will dismiss his constitutional claims with prejudice for failure to state a claim. I will not exercise jurisdiction over Mr. Borden's negligence claims; I will dismiss them without prejudice and leave them for a state court to resolve.

**I.     BACKGROUND**

According to Mr. Borden, his health information was visible on a computer screen during a pill call, and Ms. Curtis permitted another inmate to view that screen. Officer Kromah refused to instruct the inmates to back away from the screen. (Mr. Borden doesn't allege when or where this took place in his Amended Complaint. In his original Complaint, he alleged that it occurred on September 26, 2023, on Unit 6 at GWHCF.) The inmates read his information, laughed about it, and made jokes about his medical

condition. At least one witness can very his claims. As a result of the incident, Mr. Borden has experienced emotional distress and anxiety, for which he receives prescription medicine.

Mr. Borden filed this suit on January 9, 2024. On May 3, 2024, I granted him leave to proceed *in forma pauperis*, dismissed his Complaint, and granted him leave to file an amended complaint. Of note, in that decision, I dismissed Mr. Borden's HIPAA claims with prejudice. (ECF No. 7.) On June 26, 2024, filed an Amended Complaint that asserts claims for due process violations, a HIPAA violation by Officer Kormah, and negligence.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), I must dismiss the Amended Complaint if it fails to state a claim on which relief can be granted. That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se*, I construe her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

2

### III. DISCUSSION

#### A. HIPAA

When I screened Mr. Borden's initial Complaint, I dismissed his HIPAA claims with prejudice. Mr. Borden offers no reason for me to reconsider that ruling, and I won't. Therefore, to the extent he asserts claims under HIPAA, I will dismiss them with prejudice.

#### B. Due Process

Mr. Borden's due process claims arise under 42 U.S.C. § 1983, which is the statute that permits a claim for violations of constitutional rights. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). In addition, a plaintiff cannot maintain a Section 1983 action based just on a defendant's negligence. *See Canton v. Harris,* 489 U.S. 378, 387 (1989).

##### 1. Claims against GWHCF

Mr. Borden listed GWHCF as a Defendant, so I assume he's asserting a constitutional claim against the facility. But the jail is not a "person" under Section 1983.

*See Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010). I will therefore dismiss the claims against GWHCF with prejudice.

### 2. Claims against Wellpath

Wellpath is a private entity. When I dismissed the original Complaint, I explained the ways that Mr. Borden could seek to hold a private entity like Wellpath liable. And I dismissed the claims against Wellpath from the original Complaint because Mr. Borden didn't include any allegations about Wellpath. The Amended Complaint suffers the same flaw. It has no allegations—none—about Wellpath. I will therefore dismiss the claims against Mr. Wellpath. Because I already gave Mr. Borden an opportunity to cure the defects in his claim against Wellpath, guided by the roadmap in my Complaint about how to plead such a claim, I conclude that further amendment would be futile. I will therefore dismiss the claims against Wellpath with prejudice. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").

### 3. Claims against Ms. Curtis and Officer Kromah

As I explained when I dismissed the original Complaint, a prisoner maintains a substantive due process right to privacy in his medical information, but not all disclosures of medical information will violate a prisoner's right to privacy. (ECF No. 6 at 4-5.) Medical privacy claims arise only in instances in which the inmate suffers from an unusual medical condition, disclosure of which might expose the inmate to ridicule,

4

discrimination, violence, or harm. *See Smith v. Hayman*, No. 09- 2602, 2012 WL 1079634, at *18 (D.N.J. Mar. 30, 2012) (citing *Powell v. Shriver*, 175 F.3d 107, 112 (2d Cir. 1999)), *aff'd*, 489 F. App'x 544 (3d Cir. 2012)). "Most cases concern revealing an inmate's HIV-positive status or that they are transgender." *Ibrahim v. DeFilippo*, No. 19-5021, 2021 WL 753898, at *7 (D.N.J. Feb. 26, 2021) (citations omitted). All this was in my Memorandum dismissing the original Complaint. (ECF No. 6 at 4-5.)

As with the original Complaint, Mr. Borden does not identify his medical condition or explain why its disclosure was so harmful. Prison, undoubtedly, can be a rough place, and inmates might not always be nice to each other. But Mr. Walker needs to allege more than comments about an otherwise-innocuous condition. His failure to do so means that he has failed to state a claim for invasion of his medical privacy. Because he's had two chances to do so, I will dismiss his claims with prejudice. *See Jones*, 944 F.3d at 483.

### C. Negligence

I will dismiss all of Mr. Borden's federal claims with prejudice. I will not exercise supplemental jurisdiction over his negligence claims. *See* 28 U.S.C. § 1367(c). There's no independent basis for me to assert jurisdiction over those claims, so I will dismiss them without prejudice. If Mr. Borden wants to pursue his negligence claims, he will have to do so in state court, not federal court. (To be clear, I am not opining on whether the negligence claims are viable in state court. That will be for a state court judge to decide.)

## IV. CONCLUSION

Mr. Borden has had two chances to plead his claims, and he has come up short both times. I will therefore dismiss his federal claims with prejudice. Because I don't have jurisdiction over his negligence claim, I will dismiss that without prejudice so that he can present it to a state court, if he decides he wants to do so. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

September 19, 2024